**UNITED STATES of America**

v.

**Fidel IBARRA–DE LA CRUZ, Defendant.**

**No. EP–06–CR–1122–PRM.**

United States District Court, W.D. Texas, El Paso Division.

Sept. 29, 2006.

Kristal Melisa Wade, U.S. Attorney's Office, El Paso, TX, for United States of America.

Duty Pub. Defender, Santiago David Hernandez, Federal Public Defender, El Paso, TX, for Defendant.

***MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S OBJECTION TO A TWELVE–LEVEL AND AN EIGHT–LEVEL ENHANCEMENT FOR PRIOR CONVICTION OF DEALING IN MARIJUANA UNDER INDIANA LAW***

MARTINEZ, District Judge.

On this day, the Court considered Defendant Fidel Ibarra-de la Cruz's ("Defendant") objection to a twelve-level and an eight-level enhancement for a prior conviction of dealing in marijuana under Indiana law ("Objection"). Therein, Defendant objects to the proposed twelve-level increase pursuant to section 2L1.2(b)(1)(B) of the Sentencing Guidelines Manual for a prior removal subsequent to a felony conviction for a drug trafficking offense. Defendant argues that his prior conviction should not be charac-

terized as a drug trafficking offense. The Court has considered the parties' briefing and oral arguments presented to the Court at the sentencing hearing on September 28, 2006. After due consideration, the Court is of the opinion that Defendant's Objection should be denied for the reasons set forth below.

The Sentencing Guidelines define a drug trafficking offense to be "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n. 1(B)(iv) (2005). A drug trafficking offense is committed not only by one who acts as a principal, but also by individuals who are convicted for "aiding and abetting, conspiring, and attempting, to commit such offenses." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n. 5 (2005).

Defendant was convicted on September 10, 2004 for "Dealing in Marijuana," pursuant to Indiana state law. IND.CODE § 35–48–4–10 (2004). That Indiana statute extends criminal responsibility to an individual who "finances the manufacture of" or "finances the delivery of" certain controlled substances. Defendant argues that financing the manufacture or delivery of marijuana does not constitute "aiding and abetting" a drug trafficking offense, and thus should not be used to trigger the twelve-level increase of section 2L1.2(b)(1)(B) of the Sentencing Guidelines Manual. The Court is of the opinion, however, that financing the manufacture or delivery of marijuana does constitute "aiding and abetting."

█ A conviction for "aiding and abetting" requires that an individual "(1) associated with the criminal enterprise; (2) participated in the venture; [and] (3) sought by his action to make the venture succeed." *United States v. Tenorio*, 360 F.3d 491, 495 (5th Cir.2004). In *United States v. Williams*, 985 F.2d 749, 753 (5th Cir.1993), the Fifth Circuit held that an individual can "aid and abet" the possession of drugs with the intent to distribute even without having actual or constructive possession of the drugs. A "conviction 'merely requires that [defendants'] association and participation with the venture were in a way calculated to bring about the venture's success.'" *Id.* The knowing or intentional provision of funding for the manufacture or delivery of marijuana constitutes participation in that venture, and contributes to the success of that venture. *See Tenorio*, 360 F.3d at 495 (holding that a conviction for conspiracy and aiding and abetting of a drug offense was supported by evidence that the defendant had "produced the money necessary" to fund the transport of a recreational vehicle containing a load of marijuana); *United States v. Orozco–Prada*, 732 F.2d 1076, 1080 (2d Cir.1984) (holding that aiding and abetting includes providing money laundering services and "dealing in the cash proceeds of transactions involving controlled substances"); *United States v. Rush*, 666 F.2d 10, 11 (2d Cir.1981) (upholding conviction for conspiracy to import a controlled offense under 21 U.S.C. § 841(a)(1) when defendant "supplied the cash which made the illegal venture possible"). While responsibility for "aiding and abetting" does require that the individual actually intend that the underlying offense be committed, *Tenorio*, 360 F.3d at 495, the Indiana statute in question only assigns criminal responsibility to an individual who "knowingly or intentionally" manufactures, finances, or delivers, or "possesses, with intent to" manufacture, finance, or deliver. IND.CODE § 35–48–4–10 (2004). Accordingly, the

648

Court determines that Defendant's prior conviction under Indiana law does constitute aiding and abetting a drug trafficking offense, and that the application of the twelve-level increase under section 2L1.2(b)(1)(B) of the Sentencing Guidelines Manual is justified.

Defendant also raises an objection to the characterization of his conviction as an "aggravated felony," for purposes of an eight-level increase under section 2L1.2(b)(1)(C) of the Sentencing Guidelines Manual. Since the Court has determined that the twelve-level increase for a "drug trafficking offense" is applicable, it need not consider the alternative eight-level increase, which would be applied only if Defendant's objection to the twelve-level was sustained.

Accordingly, **IT IS ORDERED** that Defendant Fidel Ibarra-de la Cruz's Objection is **OVERRULED**.